UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BARRY-WEHMILLER DESIGN : 
GROUP, INC. :
:
    vs. : CIVIL NO. 1:14-CV-01074
:
STORCON SYSTEMS, INC., et al., :
:
    vs. :
:
IMPERIAL INDUSTRIES, INC. and :
JENICKE & JOHANSON, INC. :
:

*M E M O R A N D U M*

*I.*    *Introduction*

On August 29, 2014, Third Party Defendant Imperial Industries, Inc. (hereinafter Imperial) filed a motion and brief seeking to dismiss the claims of Defendant / Third Party Plaintiff Storcon Systems, Inc. (hereinafter Storcon), for attorneys' fees, interest and costs contained in Counts I and II of Strocon's complaint against Imperial. (Doc. 13, 14). Storcon filed a brief in opposition to the motion, and Imperial has provided a brief in reply. (Doc. 15, 16). For the reasons discussed below, we will grant in part and deny in part Imperial's motion to dismiss.

*II.*    *Discussion*

    *A. Standard of Review*

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

### B. Attorneys' Fees in Breach of Contract Claim

In Count I of its third party complaint, Storcon alleges that, to the extent that Plaintiff's claims have merit, Imperial breached its contract with Storcon. (Doc. 7 at 4). Included in Storcon's prayer for relief is a demand for attorneys' fees, interests, and cost. (Id.). The American Rule, which Pennsylvania follows, provides that each side is responsible for the payment of its own counsel fees unless there is express statutory authority, a clear agreement of the parties, or some other established exception. McMullen v. Kutz, 985 A.2d 769, 775 (Pa. 2009).  Imperial argues that Storcon points to

no agreement between the parties for the payment of counsel fees and is therefore not entitled to such payment. (Doc. 16 at 1-2). We agree.

Count I of Storcon's third party complaint only alleges that Imperial breached its contract, that Storcon was damaged by the suit filed by Plaintiff, and it has incurred attorneys' fees. Nowhere in Count I does Storcon claim that Imperial agreed to pay Storcon's counsel fees in the event of litigation. Further, Storcon fails to allege a statutory or established exception to justify the award of counsel fees. Thus, even if Storcon is meritorious on its breach of contract claim against Imperial, it has failed to plead enough facts to state a claim for the recovery of counsel fees and expenses. See, e.g., E.P. Bender Coal Co. v. Chubb Group of Ins. Cos., No. 05-216 J., 2006 WL 2547045 at *5 (W.D. Pa. Sept. 1, 2006) (dismissing claim of counsel fees in breach of contract action because Plaintiff's complaint failed to point to statutory authority, clear agreement, or other established exception). Accordingly, we will grant Imperial's motion on Count I.

*C. Attorneys' Fees in Indemnification Claim*

In Count II, Storcon alleges that it is entitled to indemnification and contribution from Imperial and similarly includes a demand for attorneys' fees and expenses in its prayer. Under Pennsylvania law, an indemnitee may recover the cost of defending claims indemnified against. A.C. Israel Commodity Co. v. American-West African Line, Inc., 397 F.2d 170, 172 (3d Cir. 1968). This includes attorneys' fees. See Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 117 (3d Cir. 1992) (noting Supreme Court

of Pennsylvania has favorably cited Restatement (Second) of Torts § 914(2), which entitles indemnitee to recovery of attorney fees and other expenditures).  Imperial argues that Storcon is not entitled to attorneys' fees because the indemnification claim itself is improper.  Namely, Imperial argues the claim is improper because there are no strict liability claims or allegations the product was defective.  (Doc. 16 at 3).  Alternatively, Imperial argues that Storcon's claim is premature because Storcon has yet to pay damages to Plaintiff.  (Doc. 16 at 3-4).  We disagree.[1]

Pursuant to Pennsylvania's common law indemnification, a "seller of a defective product is entitled to indemnification from the manufacturer of the product as the party primarily responsible for the defective product."  Moran *ex rel.* Moran v. G. & W.H. Corson, Inc., 586 A.2d 416, 427 (Pa. Super. Ct. 1991).   Here, Storcon alleges that it was only a seller and Imperial was the manufacturer, entitling it common law indemnification from Imperial.  (Doc. 7 at 5).  Further, despite Imperial's arguments to the contrary, there are allegations the product was defective.  Plaintiff's complaint alleges a breach of an implied warranty of merchantability and a breach of an implied warranty of fitness for a particular purpose.  (Doc. 1 at 6-9).  Not only do these claims necessarily imply the product was defective, but Plaintiff expressly claims the product was negligently designed.  (Doc. 1 at 6, 8).  Thus, accepting Storcon's factual allegations as true, we find that Storcon's indemnification claim is not improper.

---

1. We note that Imperial's arguments have crept from challenging the claim for attorneys' fees to attacking the indemnification claim itself.  We will, nevertheless, address all of Imperial's arguments.

4

Finally, we find that Storcon's indemnification claim is not premature. Although the right to indemnification does not accrue until judgment is paid, Pennsylvania law allows an indemnification claim to be brought by joinder. See Automatic Time & Control Co. v. ifm Elec., GmBh, 600 A.2d 220, 222 (Pa. Super. Ct. 1991) ("If a retailer or an intermediate seller of a product becomes a defendant in an action in which it is alleged that a product it sold caused harm to the buyer or others, because of negligence in manufacture or design, the defendant is free to institute joinder proceedings to bring the manufacturer or others in the distribution change into the litigation as additional defendants."); see also 42 PA. CON. STAT. § 2252 (stating that any defendant may join as an additional defendant any person who may be liable over the joining party on the plaintiff's cause of action); see, e.g., Livornese v. Med. Protective Co., 226 F. Supp. 2d 669 (E.D. Pa. 2002) (denying motion to dismiss third party claim against CAT fund for indemnification ). Thus, Storcon has pled enough facts to establish a plausible claim for indemnification.

*III.        Conclusion*

For the above reasons, Imperial's motion to dismiss Storcon's claims for attorneys' fees will granted with respect to Count I and denied with respect to Count II. We will issue an appropriate order.

>                 /s/William W. Caldwell
>                 William W. Caldwell
>                 United States District Judge