UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY-WEHMILLER DESIGN GROUP, INC. : | |
| Plaintiff : | |
| : | CIVIL NO. 1:14-CV-1074 |
| vs. : | |
| : | |
| STORCON SYSTEMS, INC., et al., : | |
| Defendant / Third Party Plaintiff : | |
| : | |
| vs. : | |
| : | |
| IMPERIAL INDUSTRIES, INC. and JENICKE & JOHANSON, INC. : | |
| Third Party Defendants : | |

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion to dismiss filed by Third-Party Defendant Jenicke & Johanson, Inc. (hereinafter J&J). (Doc. 23). This matter relates to a dispute concerning the structural failure of a silo system. Following the silo's failure, Plaintiff Barry-Wehmiller Design Group filed breach of warranty claims against Storcon Systems, Inc. (Doc. 1). In turn, Storcon filed a third-party complaint against J&J, alleging negligent misrepresentation. (Doc. 7). On September 9, 2014, J&J filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, we will dismiss Storcon's negligent misrepresentation claim without prejudice.

*II.       Background*

Plaintiff Barry-Wehmiller Design Group was hired by Church & White Co., a non-party to this action, to act as construction manager and consultant in the fabrication of a 300 ton silo system.  (Doc. 33 at 3).  Plaintiff Barry-Wehmiller, in turn, entered into a contract with Storcon Systems, Inc. to design, manufacture and deliver the silo system. (Id.).  Church & White employed J&J to determine the design specifications and load calculations for the silo and its component parts.  (Id.).  J&J determined that the silo needed to be designed and manufactured to withstand a density of 125 pounds per cubic foot (pcf) and informed Storcon of its calculations.  (Doc. 33 at 4).  The silo was constructed in July 2013, and five days after construction was completed, the silo suffered a structural failure.  (Doc. 33 at 5).

Barry-Wehmiller filed a complaint against Storcon, alleging that the failure resulted from Storcon's negligent design.  (Doc. 1).  Storcon filed a third-party complaint against J&J, alleging that J&J did not exercise reasonable care in the calculation of the design specifications and load calculations.  (Doc. 7).  J&J filed a motion to dismiss, asserting that Storcon's claim should be dismissed with prejudice. (Doc. 23).   J&J makes two arguments in support of its position: (1) the complaint is facially deficient because it fails to plead any facts; and (2) Storcon fails to state a facially plausible claim because Storcon did not, in fact, rely on the design specifications and load calculations supplied by J&J.  (Doc. 33).  In a two sentence response, Storcon seems to agree that the complaint is facially deficient.  Storcon states that it does not oppose the dismissal of J&J

2

as a party, but posits that the dismissal should be without prejudice.[1]  Therefore, the only question for us to resolve is whether J&J should be dismissed with or without prejudice.

*III.        Discussion*

   *A. Legal Standards*

Ordinarily, facially deficient claims must be dismissed without prejudice and with leave to amend the complaint.  See FED. R. CIV. P. 15 ("The Court should freely give leave when justice so requires . . . .").  This is true even if the plaintiff has not requested leave to amend.  See Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 256 n.14 (3d Cir. 2010).  A court may deny leave to amend, however, and dismiss the complaint with prejudice if, *inter alia*, the amendment would be futile.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

To state a legally sufficient claim for negligent misrepresentation, the plaintiff must show the following:  (1) the defendant, in the course of business, supplied false information for the guidance of others in their business transactions; (2) the

---

1. Storcon also asserts that if the other third-party defendant, Imperial Industries Inc., intends to claim that J&J contributed to the silo's failure, Imperial should be required to make the claim before J&J is dismissed as a party. (Doc. 34 at 1). Storcon provides neither legal argument nor legal precedent in support of this position, and our research finds nothing that dictates Imperial should be required to reveal its litigation strategy before a co-party is dismissed. Accordingly, J&J will be dismissed from this action irrespective of whether Imperial will argue that J&J contributed to the silo's failure.

defendant failed to exercise reasonable care or competence in obtaining or communicating the information; (3) the plaintiff justifiably relied upon the information; and (4) such reliance caused pecuniary loss. RESTATEMENT (SECOND) OF TORTS § 552 (1977); Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 277, 287 (Pa. 2005) (adopting § 552).

### B. Futility of Amendment

In its brief, J&J argues that Storcon does not state a facially plausible claim because it did not rely on J&J's specifications. We construe J&J to argue that, even if Storcon amended its complaint, Storcon would fail to state a claim because the facts show no justifiable reliance by Storcon, and thus amendment would be futile. To establish no justifiable reliance, J&J asks us to examine a report it produced after the silo failed which shows that Storcon did not use the 125 pcf design specifications supplied by J&J.[2] (Doc. 23-2 at 38, Exh. G). J&J asserts that we can examine the report because Plaintiff Barry-Wehmiller based its complaint on the report. (Doc. 33 at 6 n.8). We disagree.

It is true that the court, when considering a 12(b)(6) motion, may examine undisputedly authentic documents if the complaint is based on those documents. Mayer

---

2. J&J includes several other exhibits with its motion to dismiss. These exhibits show the following: J&J provided specifications that dictated the silo must be designed and fabricated to withstand 125 pcf; after Storcon received those specifications, Storcon's own proposal only provided for a silo that could withstand 90 pcf; and J&J advised Storcon that the 90 pcf design was insufficient. (Doc. 23-2). While we agree with J&J that we may examine these remaining exhibits while considering the motion to dismiss, none of the remaining exhibits establish that Storcon did not rely on J&J's specifications when actually constructing the silo.

v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).  This rule only applies, however, to documents that are the basis of the complaint the defendant seeks to dismiss.  See Pension Benefit Guar. Corp. v. White Consol. Indust., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that while considering a motion to dismiss a plaintiff's complaint, the court can examine a document upon which that plaintiff based its claims).  Stated differently, in order for us to permissibly view the report, it must be Storcon's complaint that is based on the report, not Plaintiff Barry-Wehmiller's complaint.  Because Storcon's claim against J&J is not based on the report, we cannot view the report while considering the motion to dismiss.[3]  Without consideration of J&J's report, we are unable to find that Storcon did not rely on J&J's specifications when actually manufacturing the silo, and thus we are unable to conclude that an amended complaint would be futile.  Accordingly, we will dismiss Storcon's negligent misrepresentation claim without prejudice.

*IV.        Conclusion*

For the reasons stated above, we will dismiss Storcon's negligent misrepresentation claim against J&J without prejudice.  We will give Storcon twenty days from the date of the accompanying order to file an amended negligent misrepresentation claim against J&J.  If no amendment has been filed within twenty days, J&J may file a renewed motion to dismiss the claim with prejudice.  If an amended complaint is filed,

---

3. The report does not fit into any other category of documents that are permissibly viewed.  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (stating the court may also consider exhibits attached to the complaint and matters of public record).  The report is not attached to Storcon's third-party complaint.  Further, it is not attached to Plaintiff Barry-Wehmiller's complaint, and thus it is not a matter of public record.

5

J&J may file a motion for summary judgment, which will allow us to consider all record evidence.  See FED. R. CIV. P. 56(c) (stating "a party may file a motion for summary judgment at any time").  We will issue an appropriate order.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge